(No. 75-CV-70—)

CALVIN JOHNSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1975.*

CALVIN JOHNSON, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on January 5, 1974, at 1403 S. Mohawk, Chicago, Illinois. Calvin Johnson, age 27, of 1457 S. Hamlin, Chicago, Illinois, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report by the Attorney General of the State of Illinois, which substantiates the matter set forth in the application. Based upon the documents and other evidence submitted before the Court, the Court finds:

1. That the Claimant was a victim of a violent crime covered under *Ill. Rev. Stat., 1973, Ch. 70, Sec. 72,* to wit:

"Aggravated Battery" *Ill. Rev. Stat., 1973, Ch. 38, §12-4.*

2. That said crime occurred at approximately 5:45 p.m. on January 5, 1974, at 1403 S. Mohawk, Chicago, Illinois, at which time claimant suffered a gunshot wound to the arm.

3. That said crime was reported to the Chicago Police Department immediately. Claimant has cooperated fully with law enforcement officials in the investigation and prosecution of this case.

4. That statements taken by the police investiga-

tors shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

5. That the victim sustained numerous injuries to his arm that required two operations and extensive hospitalization. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

6. That the assailant, Willie Simmons, age 29, of 1368 N. Mohawk, Chicago, Illinois, was convicted of Aggravated Battery in the Cook County Criminal Court on July 26, 1974 (Indictment #74-3511).

7. That there is no evidence that the victim and his assailant were related or sharing the same household.

8. That the Claimant incurred medical expenses which were partially covered by his Blue Cross and union insurance. The total medical expense is as follows:

```
HOSPITALIZATION
 Henrotin Hospital (surgery),
 Univ. of Illinois Medical Center (surgery) ........... $ 9,526.55
DOCTOR
 Homer Graves, Skokie, Ill. ...................... 920.00
OUTPATIENT CARE
 Union Health Service, Chicago, Ill.
 (Riad Barmada, M.D.) ............................ 583.00
 _____
 $11,029.55
```

9. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

"(d) shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension

plans, Federal social security benefits and the net proceeds of the first ($25,000.00) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

That, in the claim before us, the benefits received by the claimant from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act, were shown to be in the total sum of $10,109.55. This amount, plus the statutory deduction of $200 having been deducted from the total pecuniary loss as calculated in ¶8 leaves a total unreimbursed medical loss of $720.00.

10. That the claimant's average monthly earnings for the six (6) months immediately preceding his injury were $600.

11. That, as a result of his injuries, Claimant was unable to work from January 5, 1974, to April 5, 1975, a period of sixteen (16) months. Claimant continues to be unable to work as of the date of this opinion. The claimant received disability benefits of $60.00 per month for six months. Thus, the loss of earnings for the first six months of his disability was $540.00 per month, and the loss of earnings for the following ten months was $600 per month. The maximum compensation for loss of earnings in one month is $500, pursuant to §4 of the Act. Therefore, the claimant is entitled to the maximum compensation of $500 per month for sixteen (16) months, or $8,000.00.

Furthermore, the claimant's physician, Raid Barmada, M.D., has determined that the claimant will be unable to ever resume employment because he has permanently lost all use of his right hand as a result of his injuries. Therefore, it can reasonably be assumed that the claimant will be unable to work during the next four months. Taking $500 per month as his average compensable earnings, he is expected to lose at least another

$2,000 in income. Thus, the Claimant will incur a total loss exceeding $10,000, the maximum statutory compensation.

IT IS HEREBY ORDERED that the sum of $10,000 be awarded to the Claimant, Calvin Johnson, as the innocent victim of a violent crime.